# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 09-20133 |
| GLADSTONE MCDOWELL, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Defendant Gladstone McDowell has been charged with various drug and money laundering crimes, in violation of sections of Title 18 and Title 21 of the United States Code.

Mr. McDowell has filed a motion to dismiss for lack of jurisdiction (doc. 606). He alleges that Title 21 is unconstitutional because it is "a non-positive law title, that has not been certified constitutionally by the Supreme Court of the United States." (Doc. 606, p. 5.) He also contends that Title 21 "was never enacted into law by Congress neither was it signed into law by the president." (Doc. 624, p. 3.) He further asserts that Title 21 "is inapplicable" to him because he "is not a party to any contract or agreement to the federal corporate government or sub-agencies." (Doc. 624, p. 4.)

The court is confident in the enforceability of Title 21. The relevant portions,

as far as Mr. McDowell is concerned, are sections 841, 846, and 848. All of those sections were enacted on October 27, 1970 and became effective July 1, 1971. 21 U.S.C. §§ 841, 846, 848. They are generally applicable criminal statutes that can be enforced against "any person," regardless of Government contract. *Id.*

And although Mr. McDowell asserts that Title 21 has not been certified as constitutional, the Supreme Court is not permitted to certify statutes as constitutional without a justiciable case or controversy. *Holder v. Humanitarian Law Project*, 130 S. Ct. 2705, 2717 (2010). Instead, acts of Congress are presumed constitutional. *United States v. Booker*, 125 S. Ct. 738, 779-80 (2005). Moreover, the Tenth Circuit has evaluated portions of Title 21 in response to a case or controversy and has concluded that it was enacted pursuant to "Congress' [constitutional] power to regulate interstate commerce." *United States v. Price*, 265 F.3d 1097, 1106-07 (10th Cir. 2001).

Mr. McDowell also makes much of the Office of Law Revision Counsel's process of codifying statutes as "positive laws." Positive law codification is the process of reviewing and editing existing laws by improving organization, deleting obsolete provisions, and correcting technical errors. *Positive Law Codification in the United States Code* at 2.[1] Mr. McDowell is correct that Title 21 has not yet been through this review process, but, as noted above, it has been enacted by Congress as

---

[1] http://uscode.house.gov/codification/Positive%20Law%20Codification.pdf

2

an enforceable criminal statute. Indeed, provisions in "non-positive laws" are prima facie evidence of the actual law, *id.* at 4, and Mr. McDowell has made no attempt to rebut the presumption that the words of Title 21 represent the enacted intent of Congress.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to dismiss (doc. 606) is **denied**.

**IT IS SO ORDERED** this 15th day of February, 2011.

s/ John W. Lungstrum

John W. Lungstrum
United States District Judge