# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 09-20133 |
| GLADSTONE MCDOWELL, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Defendant Gladstone McDowell filed a Motion for Issuance of Subpoena to the United States (doc. 625), asking the court to subpoena on his behalf United States Attorney General Eric Holder and United States Attorney for the District of Kansas Barry Grissom. The court denied Mr. McDowell's motion during an ex parte hearing on January 31, 2011. Mr. McDowell has now filed a Motion for Reconsideration for Issuance of Subpoena to United States (doc. 690).

Under Rule 17 of the Federal Rules of Criminal Procedure, if a defendant cannot pay witness fees and process costs of a subpoena, the court will order the subpoena at the Government's expense, provided the defendant can show "the necessity of the witness's presence for an adequate defense." Fed. R. Crim. P. 17(b). A defendant's burden under this rule "is not light." *United States v. Pursley*, 577 F.3d 1204, 1230 (10th Cir. 2009). "Mere allegations of materiality and necessity are

not sufficient to establish that a witness is necessary to an adequate defense." *Id.* (quoting *United States v. LeAmous*, 754 F.2d 795, 798 (8th Cir. 1985)). Instead, to show "necessity," a defendant must establish that the witness's testimony is "relevant, material, and useful." *United States v. Hernandez-Urista*, 9 F.3d 82, 84 (10th Cir. 1993) (internal quotation marks omitted).

Mr. McDowell wishes to subpoena government officials to produce documents and evidence relating to the constitutionality of 21 U.S.C. §§ 841(a)(1), (b)(1)(vii), and 846. Mr. McDowell reiterates the argument he made in his motion to dismiss (doc. 606) that Title 21 is a non-positive unconstitutional law, and he demands that government officials be subpoenaed to defend the constitutionality of the statute. He also suggests that by denying his request for a subpoena, the court has violated his due process right to confront his accusers.

Mr. McDowell's request that the court reconsider its ruling is denied. A subpoena is not the proper vehicle for the constitutional arguments Mr. McDowell seeks to make. Subpoenas allow parties to gather evidence in the form of documents or testimony that can be used at trial to help resolve factual disputes. Whether a particular statute violates the Constitution is a purely legal issue that the parties can argue and the court can resolve based solely on written motions. And in fact, this court considered—and denied (doc. 668)—Mr. McDowell's constitutional argument concerning Title 21 when he filed a motion to dismiss. To the extent Mr. McDowell seeks a response from government officials justifying the constitutionality of Title 21,

2

he received it when the Government filed its response to his motion (doc. 662).

Although Mr. McDowell disagrees with the Government's position and with this court's ruling on the matter, his recourse is not to subpoena government officials to provide further documentary evidence. He may, instead, seek review of this issue on direct appeal should he choose to do so.

Moreover, this ruling does not infringe Mr. McDowell's right to confront his accusers. The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. In accordance with the constitution's expressed preference for face-to-face accusation, the prosecution typically must "either produce, or demonstrate the unavailability of, [a] declarant whose statement it wishes to use against the defendant." *Idaho v. Wright*, 497 U.S. 805, 814 (1990). Here, the government officials Mr. McDowell wishes to subpoena are not being called by the prosecution to make a statement against him. As such, he has no right to "confront" the Attorney General or the United States Attorney by issuing a subpoena for them to appear in court.

Finally, Mr. McDowell expresses confusion about "the weird circumstances of the hearing" where the court ruled on his motion with only the defendants, stand-by counsel, security officials, and court personnel present. The court asked the Government attorneys to leave so it could conduct an ex parte hearing on Mr. McDowell's motion in order to allow him to discuss the motion freely without

3

disclosing his defense strategy to the Government. Indeed, Rule 17(b) "require[s] the trial court to consider the motions ex parte" for the protection of defendants and their defense strategy. *United States v. Greschner*, 802 F.3d 373, 379 (10th Cir. 1986); *see also United States v. Gaddis*, 891 F.2d 152, 154 (7th Cir. 1989) (per curiam) (discussing the history leading up to Rule 17(b)'s ex parte provision and noting that "since 1966 indigent defendants, in requesting the issuance of a subpoena and the payment of witness expenses, need reveal their defense theory only to an impartial court and not to their government adversary"); *United States v. Espinoza*, 641 F.2d 153, 158 (4th Cir.1981) (noting the 1966 amendment to Rule 17(b) adopted a "constitutionally unobjectionable procedure of permitting such disclosure to be made to the court ex parte, thus assuring that the government not become privy thereto").

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Reconsideration for Issuance of Subpoena to United States (doc. 690) is **denied**.

**IT IS SO ORDERED** this 3rd day of March, 2011.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge