# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-20133 |
| ) | |
| GLADSTONE MCDOWELL ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Defendant Gladstone McDowell has filed a "Motion to Recuse Judge James Lungstrum" [sic] (doc. 820). Mr. McDowell cites a "multiplicity of unlawful infractions" by the court which, he contends, result in an appearance of partiality and require recusal.

Specifically, Mr. McDowell identifies three reasons for recusal: the court moved forward without requiring the government to establish jurisdiction on the record; the government has failed to state a claim under Rule 12 of the Federal Rules of Civil Procedure; and the court denied Mr. McDowell's subpoena requests to "verify the certification of the non-positive law Title 21."

A judge is required to recuse himself when "his impartiality might reasonably be questioned," or "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). Mr. McDowell has not satisfied this standard.

Mr. McDowell's allegations amount to complaints about the substance of this court's prior rulings. For example, document 564 denies Mr. McDowell's motion to dismiss and, in the process, explains that how and why the court has jurisdiction over this case. Similarly, document 668 addresses another motion to dismiss, again explains the court's jurisdiction, and refutes Mr. McDowell's arguments that Title 21 is a non-positive, uncertified, and therefore unenforceable, law. Finally, document 712 explains why Mr. McDowell's requests to subpoena various government officials were improper.

Mr. McDowell clearly disagrees with these rulings, but adverse rulings almost never provide a basis for recusal, nor do opinions formed or expressed by a judge based upon the record, "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). Mr. McDowell has not identified any such antagonism; he merely reiterates his legal arguments. As such, these grounds do not require recusal.

Finally, it appears to the court that Mr. McDowell has filed this motion for dilatory purposes. Mr. McDowell made no attempt to satisfy the standard for recusal and instead just rehashed legal arguments that have been rejected many times. Indeed, in the last several months, as a pro se litigant, Mr. McDowell has filed over fifteen motions or documents entitled "notice" or "affidavit." The vast majority of these filings were duplicative and almost all were legally frivolous. Moreover, the Tenth Circuit evaluated these precise arguments when it reviewed a writ of mandamus petition filed

by one of Mr. McDowell's co-defendants. The Tenth Circuit noted this court's "admirable patience" with such "ill-advised contentions," and agreed with this court's rulings that these legal arguments are meritless. *In re: Blackburn*, No. 11-3061, Doc. 0108611419 (Mar. 28, 2011) (copy attached to this order). In light of Mr. McDowell's history, his repetition of the same legal arguments, and this court's repeated and thorough rulings on those issues, the court finds that this motion for recusal was made for dilatory purposes.

**IT IS THEREFORE ORDERED BY THE COURT** that the defendant's motion to recuse (doc. 820) is **denied**.

       **IT IS SO ORDERED** this 28th day of March, 2011.

                     s/ John W. Lungstrum
                    John W. Lungstrum
                    United States District Judge