**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GLADSTONE MCDOWELL ) <br> ) <br> Defendant. ) <br> ) | Case No. 09-20133 |

**MEMORANDUM AND ORDER**

Defendant Gladstone McDowell has filed a motion requesting a "copy of original indictment certification that took place on November 5th, 2009 in the State of Kansas" (doc. 956). Mr. McDowell admitted that he has a copy of the indictment, but he wishes to examine the original document for defects, particularly relating to signing and certification.

Rule 7 of the Federal Rules of Criminal Procedure requires that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1). Mr. McDowell contends that the indictment[1] in this case does not contain the government attorney's signature.

---

[1] His motion references only the original indictment filed on November 5, 2009, but he would presumably raise the same challenge to the superceding indictment as well. The court will address both documents.

The indictment issued in Kansas on November 5, 2009, is on file as document 1, and the superceding indictment, issued November 4, 2010, is document 497. Both contain "s/Kim I. Martin, # 13407 for" the United States Attorney on the signature line. Pursuant to the local District of Kansas rules, this electronic signature satisfies the signature requirement of the Federal Rules. Specifically, Rule 5.4.8 provides that an attorney's user log-in and password, which are required to submit documents to the court's Electronic Filing System, serve as that user's signature for all documents filed electronically. D. Kan. Rule 5.4.8(a). Similarly, signatures of non-Filing Users may be filed electronically as an "s/" and the name typed in the space where the signature would otherwise appear. D. Kan. Rule 5.4.8(c). Ms. Martin has satisfied the local filing requirements and her electronic signature is sufficient for purposes of the indictment.

Mr. McDowell also contends that the indictment should bear the "seal certification from issuing courts clerk." He cites no authority for that proposition, and indeed the court can find none.[2]

Thus, Mr. McDowell has identified no reason why he would need any additional

---

[2] Rule 6 of the Federal Rules of Criminal Procedure allows a judge to order that an indictment be kept secret until the defendant is in custody or has been released pending trial. "The clerk must then seal the indictment, and no person may disclose the indictment's existence except as necessary to issue or execute a warrant or summons." Fed. R. Crim. P. 6(e). But that "seal" involves merely filing the document with restricted access, as was done in this case with the original indictment. It does not, however, involve actually affixing a seal or other certification to the indictment.

2

or different copies of the indictments in this case; the defects he surmises do not exist. His motion his denied.

Mr. McDowell filed a similar motion regarding an indictment from the State of Missouri (doc. 957). No indictment was issued in Missouri in this case, and so that motion is denied as well.

**IT IS THEREFORE ORDERED BY THE COURT** that the defendant's motions for copies of indictments (docs. 956 & 957) are **denied**.

**IT IS SO ORDERED** this 27th day of April, 2011.

> s/ John W. Lungstrum
> John W. Lungstrum
> United States District Judge