IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff / Respondent, | ) | |
| | ) | |
| v. | ) | Case No. 09-20133-01-JWL |
| | ) | Case No. 14-2289-JWL |
| GLADSTONE McDOWELL, | ) | |
| | ) | |
| Defendant / Petitioner. | ) | |
| | ) | |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

This matter is presently before the Court on defendant Gladstone McDowell's pro se petition to vacate his convictions and sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1651).  For the reasons set forth below, the Court **denies** the petition.

### I.   **Background**

Defendant was charged by superseding indictment with the following offenses: conspiracy to distribute and to possess with intent to distribute at least 1,000 kilograms of marijuana (Count 1); continuing criminal enterprise (Count 2); conspiracy to commit money laundering (Count 8); money laundering (Count 9); and possession with intent to distribute more than 50 kilograms of marijuana (Count 11).  On December 6, 2010, the Court conducted a hearing on defendant's motion to represent himself at trial, and after a lengthy colloquy with defendant, the Court granted the motion.  On April 28,

2011, a jury found defendant guilty on all five counts. Defendant continued to represent himself at sentencing, and on September 28, 2011, the Court sentenced defendant to concurrent terms of 324 months' imprisonment on Counts 1 and 2 and 240 months' imprisonment (the statutory maximum) on Counts 8, 9, and 11. Defendant had counsel for his direct appeal, but on April 12, 2013, the Tenth Circuit affirmed defendant's convictions. *See United States v. McDowell*, 520 F. App'x 755 (10th Cir. 2013). The Supreme Court denied defendant's petition for certiorari on October 15, 2013. Defendant filed the instant pro se petition on June 16, 2014.

## II.    <u>Analysis</u>

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *See* 28 U.S.C. § 2255(b). By his Section 2255 petition, defendant alleges that the performance by his various attorneys was deficient in a number of respects, in violation of his Sixth Amendment right to counsel. "To establish ineffective assistance of counsel, [a] [d]efendant must show 'that counsel's representation fell below an objective standard of reasonableness' and that he was prejudiced by the deficient performance." *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

A.    *Trial Counsel*

Defendant first argues that his trial counsel's performance was deficient, in violation of the Sixth Amendment, because counsel did not warn defendant of the perils of representing himself and did not find an alternative way to resolve the dissatisfaction that led to defendant's decision to represent himself. The Court concludes that defendant has failed to establish the requisite prejudice to support such a claim under the Sixth Amendment, and the Court therefore denies this claim.

Before the Court allowed defendant to represent himself, it engaged him in a lengthy colloquy. The Court made clear its opinion that it would be a very bad idea for defendant to represent himself. The Court expressed its concern that defendant wished to discharge his attorney in order to raise jurisdictional and other arguments that were completely without merit, and it stated that defendant's reliance on those arguments was a "very bad bet," for the reason that if he represented himself, the odds were very high that he would be convicted and "never again be a free man." The Court explained that defendant would not be able to have counsel argue two pending suppression motions and that he would not have counsel to make any arguments or objections at trial. The Court noted that defendant did not know the applicable rules and that defendant would be "far better off" with an attorney representing him. When the Court offered to allow defendant to consult with his attorney on the issue of self-representation, defendant instead asked whether he would be allowed to change his mind later to have the attorney take over again. The Court responded that it would likely allow defendant to change his

3

mind, assuming such a motion was made in good faith, although defendant would not be allowed to continue to switch back and forth between self-representation and attorney representation.  The Court did allow defendant the opportunity to withdraw his motion without prejudice, in order to consider the matter and to consult further with his attorney. Defendant instead chose to continue with his motion to represent himself, and the Court subsequently found that defendant had knowingly and voluntarily waived his right to counsel.

Thus, the Court concludes that, even if defendant's trial counsel had advised him not to represent himself (assuming that trial counsel did not do so, as defendant claims), defendant would still have chosen to represent himself, and thus the outcome would have not have been different.  At the hearing on defendant's motion, the Court explained to defendant at length the reasons why he should not represent himself.  The Court effectively offered to allow defendant to delay the decision, but defendant rejected that offer, even though he knew that he would be forced to represent himself with respect to two pending substantive motions that he was admittedly ill-prepared to argue.  Nor did defendant accept the opportunity for a recess of the hearing to allow him to consult with his attorney, thereby demonstrating that he did not value his attorney's advice on the matter.  Defendant was clearly dissatisfied with his attorney, and after he was assured that he could likely change his mind later if necessary, defendant was determined at least

4

to attempt to represent himself.[1]  For these reasons, the Court concludes that defendant cannot demonstrate the requisite prejudice from any alleged failure by his trial counsel to advise him not to represent himself, and the Court therefore denies this claim.

### B.  *Sentencing Issues*

Although defendant states at one point in his supporting brief that all grounds raised in his petition are "based on his constitutional right to effective assistance of counsel," defendant appears also to assert that his sentence was unconstitutional.  In particular, defendant argues that his sentencing ran afoul of rules adopted in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013).  *See Apprendi*, 530 U.S. 466 (fact that increases penalty beyond statutory maximum must be decided by the jury); *Alleyne*, 133 S. Ct. 2151 (fact that increases mandatory minimum sentence must be decided by the jury).  In this case, however, the Court's sentence for each count fell within the range of the statutory minimum and maximum sentences for that offense, and neither the minimum nor the maximum mandatory sentences were altered by any finding of the Court without a jury.  Accordingly, defendant has not shown that his sentence was unconstitutional, and the Court denies any such claim.[2]

---

[1]Of course, once he made that initial decision, standby counsel had no obligation to offer his opinion on any matter absent a request for help from defendant, and defendant has not indicated that he ever requested advice from counsel concerning his decision to represent himself.

[2]The Government argues that the new rules from *Apprendi* and *Alleyne* may not
(continued...)

C.    *Appellate Counsel*

Finally, defendant argues that his appellate counsel's performance was unconstitutionally deficient because counsel failed to raise various issues on direct appeal.  First, defendant argues that his counsel should have challenged the Court's decision to grant defendant's motion to represent himself at trial.  Defendant cites the following circumstances in support of this claim: "lack of judge's thorough investigation of the circumstances of Petitioner's case, and Petitioner's lack of fluent English, competency, and the complexity of the case."  The Court denies this claim.  As noted above, the Court examined defendant at length about his decision to represent himself (while discouraging defendant from doing so), including questioning defendant about his knowledge of the charges and potential sentences and the voluntariness of his decision.  The Court found defendant's waiver of his right to counsel and the exercise of his right to represent himself to be voluntary and knowing.  *See Faretta v. California*, 422 U.S. 806, 835 (1975).  Defendant has not persuaded the Court that it erred in so finding.  Therefore, counsel did not act unreasonably in failing to raise this issue on

---

[2](...continued)
be applied retroactively on collateral review. *See In re Payne*, 733 F.3d 1027, 1029-30 (10th Cir. 2013).  Neither rule would be applied retroactively in this case, however—*Apprendi* was decided well before the sentencing in this case, and *Alleyne* was decided in June 2013, before defendant's direct appeals had been exhausted.  *See Griffith v. Kentucky*, 479 U.S. 314, 328, 321 n.6 (1987) (new rules for criminal prosecutions are applied to cases pending on direct review or not yet final; case is not final until petition for certiorari has been decided or time for filing such a petition has elapsed).

appeal, and defendant suffered no prejudice from that failure to raise an issue that lacked merit.

Second, defendant claims that his counsel should have raised *Apprendi* and *Alleyne* issues on appeal. As noted above, defendant's sentences did not violate the rules from those cases. Therefore, defendant cannot show that his counsel acted unreasonably in failing to raise those issues or that he suffered the requisite prejudice.

Third, defendant claims that his appellate counsel "could have raised Fifth and Sixth Amendment violations, including certain § 3553 factors." Defendant has not identified the particular violations or factors that counsel should have argued, however. Thus, defendant has not established an entitlement to relief or to a hearing on that claim, which is therefore denied. *See, e.g., Anderson v. Attorney Gen'l of Kan.*, 425 F.3d 853, 860-61 (10th Cir. 2005) (petitioner failed to support conclusory allegations); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("Although we must liberally construe Defendant's pro se petition, we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments.") (citation omitted). The Court also rejects any claim that appellate counsel should have pursued a claim that trial counsel failed to advise defendant not to represent himself, as any such claim under the Sixth Amendment lacks merit, as explained above.

Accordingly, the Court denies defendant's Section 2255 petition in its entirety.[3]

### III.    Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4] To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). Because it is clear that defendant is not entitled to relief on his constitutional claims, the Court denies a certificate of appealability in this case.

IT IS THEREFORE ORDERED BY THE COURT that defendant's petition to vacate his convictions and sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1651) is

---

[3]Because the petition and records of this case conclusively show that defendant is not entitled to relief, the Court need not conduct a hearing on his claims. *See* 28 U.S.C. § 2255(b).

[4]The denial of a Section 2255 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

hereby **denied**.

      IT IS SO ORDERED.

      Dated this 17th day of November, 2014, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
