IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff / Respondent, | ) | |
| | ) | |
| v. | ) | Case No. 09-20133-01-JWL |
| | ) | Case No. 14-2289-JWL |
| GLADSTONE McDOWELL, | ) | |
| | ) | |
| Defendant / Petitioner. | ) | |
| | ) | |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

This matter is presently before the Court on defendant Gladstone McDowell's pro se motion (Doc. # 1795), mailed to the Court on March 8, 2016, by which he requests (1) a copy of the Court's Memorandum and Order of November 17, 2014, by which the Court denied defendant's petition to vacate his convictions and sentence pursuant to 28 U.S.C. § 2255 (and denied a certificate of appealability); and (2) an extension of the time under Fed. R. App. P. 4 in which to appeal the denial of the Section 2255 petition. For the reasons set forth below, the Court **grants in part and denies in part** the motion. The Government has not directly addressed defendant's request for a copy of the prior order; thus the Court grants the motion as unopposed with respect to that request. The motion is denied with respect to the request for an extension of time in which to file an appeal.

Defendant states in his motion that he did not receive a copy of the Court's

Memorandum and Order of November 17, 2014, and that he learned of the order and the denial of his Section 2255 petition only after he requested a copy of the docket report for his case in February 2016. The docket report indicates that the Clerk of the Court mailed defendant a copy of the Memorandum and Order at the time of its filing, and defendant has not provided a sworn statement or other evidence to support his allegation that he failed to receive a copy in 2014.[1] In light of its ruling, however, the Court need not determine whether defendant in fact received a copy of the order at that time.

Rule 4 provides that an appeal in a civil case involving the Government must be filed within 60 days after the judgment or order from which the appeal is taken. *See* Fed. R. Civ. P. 4(a)(1)(B). If a moving party did not receive notice of the judgment or order within 21 days after entry and if no party would be prejudiced, the district court may reopen the appeal window for a period of 14 days, but only if the motion for reopening is filed within 180 days of entry of the judgment or order. *See* Fed. R. App. P. 4(a)(6). Thus, any motion by defendant to reopen the appeal window under this rule was due by May 17, 2015. Moreover, the Tenth Circuit has held that the 180-day deadline is unequivocal and may not be extended under Rule 60(b) for excusable neglect. *See Clark v. Lavallie*, 204 F.3d 1038, 1040-41 (10th Cir. 2000). The Tenth Circuit stated:

---

[1]In his motion, defendant provides a telephone number for the person in charge of legal mail at his present facility in Forrest City, Arkansas, and he invites the Court to confirm his allegation. In his reply brief, however, defendant notes that he was not transferred to that facility until July 2015. The Court has not undertaken any investigation of its own to try to verify whether defendant received the order in 2014.

> The essence of Rule 4(a)(6) is finality of judgment. While application of that concept infrequently may work misfortune, it is an overriding principle which demands enforcement . . . .

*See id.* at 1041.

In his reply brief, defendant invokes the "unique circumstances doctrine" first applied in a trio of Supreme Court cases including *Thompson v. INS*, 375 U.S. 384 (1964). The Supreme Court has since made clear, however, that the *Thompson* rationale may be used to excuse a failure to file an effective notice of appeal "only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." *See Osterneck v. Ernst & Whitney*, 489 U.S. 169, 179 (1989). In this case, defendant has not alleged that he took some act to postpone his appeal deadline and that the Court then gave him some specific assurance that his appeal time was in fact postponed. Thus, the doctrine on which defendant relies does not apply in this case.

Defendant has not cited any authority that would allow this Court to extend or reopen his appeal time at this stage. Accordingly, the Court denies defendant's motion with respect to the request for additional time in which to appeal the denial of his Section 2255 petition.

IT IS THEREFORE ORDERED BY THE COURT that defendant's pro se motion (Doc. # 1795) is **granted in part and denied in part**. The motion is granted as unopposed with respect to the request for a copy of the Court's prior order, and the Clerk

of the Court shall mail defendant a copy of that prior order with the instant order. The motion is denied with respect to the request for an extension of time in which to file an appeal.

IT IS SO ORDERED.

Dated this 17th day of May, 2016, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
